**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **SHAZIA GILL, *et al*.,** | : | |
| **Plaintiffs,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 26-0251** |
| | : | |
| **SAJIDA GILL,** | : | |
| **Defendant.** | : | |

**<u>MEMORANDUM</u>**

**HODGE, J.**                                                          **JULY 13, 2026**

Plaintiffs Shazia Gill and Kashif Faheem Daniel, unrepresented litigants, commenced this action by filing a Complaint ("Compl." (ECF No. 2))[1] seeking the Court's commencement of an investigating into conduct allegedly engaged in by Defendant Sajida Gill,[2] her extradition from Pakistan, and recovery of personal property. (*See id*.) For the following reasons, the Court will dismiss the Complaint without prejudice for lack of subject matter jurisdiction.

**I.      FACTUAL ALLEGATIONS[3]**

The nature of Plaintiffs' claims is unclear. They allege that the events giving rise to their claims occurred sometime between 2022 and 2025 in both the United States and Pakistan. (*Id*. at

---

[1] Plaintiffs' Amended Complaint (ECF No. 9) was stricken because it was not signed. (*See* ECF No. 10.) The Order striking the Amended Complaint granted Plaintiffs leave to file an amended complaint that identified all defendants and all claims against them and advised Plaintiffs that if they did not file an amended complaint, their original Complaint would be treated as the governing pleading. (*Id*.) Plaintiffs did not file an amended complaint and the time to do so has passed, leaving the original Complaint as the governing pleading.

[2] There are no allegations in the Complaint describing a familial relationship among the parties.

[3] Unless otherwise noted, the factual allegations set forth in this Memorandum are taken from Plaintiffs' Complaint. (ECF No. 1.) The Court adopts the pagination supplied by the CM/ECF docketing system. Where appropriate, grammar, spelling, and punctuation errors in Plaintiffs' pleadings will be corrected for clarity.

4.) During that period, Defendant Gill allegedly stole identification belonging to Professor Younis Gill—Plaintiff Gill's father and a Department of Defense employee—along with other information, including bank account details, credit cards, and "property documents," which she leaked to unidentified Pakistani individuals without authorization. (*Id*. at 4, 8.) Defendant Gill also "misappropriated" Plaintiff Gill's Alien Registration Number and Social Security number and other personal information, which she also leaked to individuals in Pakistan. (*Id*. at 8.) Defendant Gill also allegedly "scammed" numerous individuals seeking to emigrate to the United States, taking large sums of money from them. (*Id*. at 4.) Additionally, she allegedly executed attacks on individuals located in Sialkot, Pakistan in cooperation with local "thugs" for money. (*Id*.) Plaintiffs assert that Defendant Gill will use the funds she has obtained to commit further crimes. (*Id*.) They also allege that Defendant Gill has threatened pastors of the Presbyterian Church in Pakistan, one of whom performed her marriage ceremony in October 2022. (*Id*. at 9.) Defendant Gill has now demanded that the record of her marriage be "removed, which Plaintiffs claim threatens the integrity of their community, as well as the safety and peace of "everyone involved." (*Id*.)

Plaintiffs request that the Court issue an Order extraditing Defendant Gill from Pakistan back to the United States. (*Id*. at 5, 7.) Additionally, they request the assistance of the Federal Bureau of Investigation in securing Defendant Gill's electronic devices, which allegedly contain evidence of her actions. (*Id*.)

## II.     STANDARD OF REVIEW

Plaintiffs have already been granted leave to proceed *in forma pauperis* because it appears that they are incapable of paying the fees to commence this civil action. (*See* ECF No. 10.) "[I]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter

2

jurisdiction, the court must dismiss the action."); *see also Grp. Against Smog & Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*"). A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. *See Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence.") (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006)). "Jurisdictional [issues] . . . may be raised at any time and courts have a duty to consider them *sua sponte*." *Wilkins v. United States*, 598 U.S. 152, 157 (2023) (internal quotations omitted).

Because Plaintiffs are proceeding pro se, the Court construes their allegations liberally. *See Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–45 (3d Cir. 2013)). The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.* However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Id.* (quoting *Mala*, 704 F.3d at 245). An unrepresented litigant "cannot flout procedural rules—they must abide by the same rules that apply to all other litigants." *Mala*, 704 F.3d at 245; *see also Doe v. Allegheny Cnty. Hous. Auth.*, No. 23-1105, 2024 WL 379959, at *3 (3d Cir. Feb. 1, 2024) (*per curiam*) ("While a court must liberally construe the allegations and 'apply the applicable law, irrespective of whether the pro se litigant mentioned it by name,' this does not require the court to act as an advocate to identify any possible claim that the facts alleged could potentially support.") (quoting *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002)).

**III.    DISCUSSION**

Plaintiffs fail to allege any claim within the Court's federal question jurisdiction. They cite no federal statute and do not appear to raise any constitutional claim. Having reviewed their Complaint, the Court can discern no basis for federal question jurisdiction.

There is also no basis for diversity jurisdiction over any state law claims Plaintiffs may seek to pursue. 28 U.S.C. § 1332(a), grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Benefit Life Co.*, 800 F.3d at 104 (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)). An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). It is the plaintiffs' burden to establish diversity of citizenship. *See Gibbs v. Buck*, 307 U.S. 66, 72 (1939); *Quaker State Dyeing & Finishing Co. v. ITT Terryphone Corp.*, 461 F.2d 1140, 1143 (3d Cir. 1972) (stating that, in diversity cases, the plaintiff must demonstrate complete diversity between the parties and that the amount in controversy requirement has been met); *Jackson v. Rosen*, No. 20-2842, 2020 WL 3498131, at *8 (E.D. Pa. June 26, 2020).

Plaintiffs do not allege the citizenship of the parties and do not allege that the parties are diverse. Rather, they provide a Pennsylvania address for themselves and allege that Gill is "currently staying in Pakistan," although they do not allege that that is her place of citizenship.

4

(Compl. at 1, 7.) Accordingly, Plaintiffs have not sufficiently alleged that the parties are diverse for purposes of establishing the Court's jurisdiction over any state law claims they intend to pursue.

Additionally, Plaintiffs do not allege that the amount in controversy in this case exceeds $75,000. "As a general rule, [the amount in controversy] is determined from the good faith allegations appearing on the face of the complaint." *Spectacor Mgmt. Grp. v. Brown*, 131 F.3d 120, 122 (3d Cir. 1997); *see also* 28 U.S.C. § 1446 ("If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy"). "The sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *Dardovitch v. Haltzman*, 190 F.3d 125, 135 (3d Cir. 1999) (quotations omitted). Plaintiffs do not seek recovery of any compensatory damages, and, therefore, have failed to satisfy their burden of establishing the existence of diversity jurisdiction. Their state law claims, accordingly, will be dismissed for lack of subject matter jurisdiction.

## IV.    CONCLUSION

For the foregoing reasons, the Court will dismiss Plaintiffs' Complaint without prejudice for lack of subject matter jurisdiction.

An appropriate Order will be entered separately. Fed. R. Civ. P. 58(a).

BY THE COURT:

/s/ Hon. Kelley B. Hodge

_____

KELLEY BRISBON HODGE, J.

5